J-S44029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TONY CRUZ | : | |
| | : | |
| Appellant | : | No. 733 MDA 2022 |

Appeal from the PCRA Order Entered April 20, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001341-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TONY CRUZ | : | |
| | : | |
| Appellant | : | No. 734 MDA 2022 |

Appeal from the PCRA Order Entered April 20, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002370-2019

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED: APRIL 17, 2023**

Tony Cruz appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. Cruz's counsel has filed a motion to withdraw. We deny the motion to withdraw, with instructions to counsel.

---

[*] Retired Senior Judge assigned to the Superior Court.

On April 20, 2022, the PCRA court denied Cruz's first PCRA petition. Cruz had counsel during the proceeding, but filed the instant timely appeal *pro se*. The PCRA court appointed Christopher Lyden, Esquire as appellate counsel, and he filed a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Lyden then filed a motion to withdraw as counsel asserting that "that appellant's claim is frivolous and that there are no non-frivolous issue [sic] to purse [sic] on his behalf." Motion to Withdraw, filed Oct. 20, 2022, at 1 (unpaginated). Lyden did not submit a **Turner**/**Finley**[1] letter at that time.

This Court issued an order on October 24, 2022, stating that Attorney Lyden had failed to attach to his withdrawal petition a letter informing Cruz of his immediate right to proceed *pro se* or with a private attorney. We directed counsel to provide Cruz with such a letter and file a copy of it with this Court within ten days. Counsel did as instructed.

Approximately 12 days later, Attorney Lyden filed a brief styled as "Brief for Appellant." The brief was not titled as an **Anders**[2] brief or **Turner**/**Finley** letter, nor did it cite either case, but claimed that Cruz's claims were frivolous and there were no other non-frivolous issues to raise.

The proper filing in this case would be a **Turner/Finley** no-merit letter, as counsel wishes to withdraw on an appeal denying PCRA relief. **See**

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] **See Anders v. California**, 386 U.S. 738 (1967).

*Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa.Super. 2011). Although counsel's brief is not titled as an *Anders* brief, we conclude that counsel intended to file an *Anders* brief since he alleges that the issues are frivolous, rather than meritless. In any event, "[b]ecause an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter." *Widgins*, 29 A.3d at 817 n.2. Thus, we analyze whether counsel's brief meets the standards of *Turner/Finley*.

A *Turner/Finley* brief must: (1) detail the nature and extent of counsel's review; (2) list each issue the petitioner wishes to have reviewed; and (3) provide an explanation of why the petitioner's issues are meritless. *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel also must contemporaneously send to the petitioner a copy of the "no-merit" letter/brief, a copy of counsel's petition to withdraw, and a statement advising petitioner of the right to proceed *pro se* or with new counsel. *Widgins*, 29 A.3d at 818. "If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007).

Here, we find that counsel has not fully complied with the requirements of *Turner*/*Finley*. Counsel detailed his review of the record and concluded that Cruz's claims are meritless. He also advised Cruz of his right to retain new counsel or proceed *pro se*. However, there is no indication in the record that counsel sent a copy of his motion to withdraw on Cruz, as required by the

- 3 -

dictates of **Turner/Finley** and its progeny. The certificate of service attached to counsel's motion to withdraw only indicates that it was served on the Commonwealth.

Moreover, counsel's letter only states that a copy of the no-merit letter/brief is attached but makes no mention of whether a copy of the motion to withdraw was sent to Cruz.[3] Since PCRA counsel has failed to satisfy the technical prerequisites of **Turner/Finley**, we deny counsel's request to withdraw. Counsel shall file either a proper petition to withdraw and a brief that fulfills the requirements of **Turner/Finley**, or an advocate's brief within 30 days of the date of this Memorandum. If counsel determines to file a **Turner/Finley** brief, counsel shall contemporaneously send to Cruz a copy of the "no-merit" letter/brief, a copy of his petition to withdraw, and a statement advising Cruz of his right to proceed *pro se* or with new counsel.

Application to withdraw as counsel denied. Jurisdiction retained.

---

[3] Furthermore, while counsel's letter indicates that the brief was attached to the letter, we are uncertain that it was, in fact, attached because it was not filed as an attachment to the letter. Indeed, the certificate of service attached to the brief indicates that it was only served on the Commonwealth, with no mention of service on Cruz.